**XIDONG YAO, Petitioner,**

v.

**Michael MUKASEY, United States Attorney General, Respondent.**

No. 04–74384.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Feb. 29, 2008.

Samuel Patrick Ouya Maina, Esq., Law Offices of S. Ouya Maina, Emmanuel Enyinwa, Esq., Law Office of Emmanuel Enyinwa, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Esq., Michael C. Heyse, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, THOMPSON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Xidong Yao ("Yao"), a citizen of the People's Republic of China, petitions for review of a summary order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") decision which, after finding Yao credible, denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). Reviewing for substantial evidence, *Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006), we hold that Yao is entitled to withholding of removal and remand to the BIA for the grant of that petition.[1] We deny the petition for review with regard to Yao's claim for CAT relief.

*Withholding of Removal*

To be eligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), Yao had to "show that his life or freedom would be threatened in China on account of his race, religion, nationality, membership in a particular social group, or political opinion." *Zhang v. Ashcroft,* 388 F.3d 713, 718 (9th Cir.2004) (internal quotation marks omitted). Because Yao did not establish that he had suffered past persecution on account of a protected ground, he was not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1)(iii). Instead, Yao had to show that it is "more likely than not" that he would be persecuted if he returned to China. *Id. See also Zhang,* 388 F.3d at 718 (citing *Khup,* 376 F.3d at 905–06).

Yao established that the authorities "have already identified [him] as an anti-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "Where the BIA affirms an IJ's order without opinion, we review the IJ's order as the final agency action." *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004) (internal cita-tions omitted). In order for us "[t]o reverse the IJ's determinations, the evidence [in the record as a whole] must have been such that a reasonable fact-finder would have been compelled to conclude that [Yao] was eligible for relief." *Id.* (citing *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004)).

government Falun Gong ["FLG"] practitioner, and have demonstrated their continuing interest in him...." *Zhang*, 388 F.3d at 718–719 (finding a "clear probability" that the petitioner would be persecuted if returned to China, where the authorities "have already identified [him] as an anti-government [FLG] practitioner, and have demonstrated their continuing interest in him and his family.") (citing *Hoxha v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir.2003)). *See also Zhou*, 437 F.3d at 870–871.

The U.S. Department of State Country Report on Human Rights Practices—2001 for China (including Hong Kong and Macau) ("Country Report"), part of the Administrative Record ("AR") for this case, reported a massive crackdown on FLG participants including propaganda campaigns, detention in "reeducation-through-labor camps," imprisonment, beatings, and, in some cases, torture. While the Country Report is part of the AR in Yao's case, and was explicitly pointed out by the IJ during oral argument, there is no record of whether the IJ actually considered it before rendering a decision. *See Kazlauskas v. I.N.S.*, 46 F.3d 902, 906 (9th Cir.1995) (explaining that the Country Reports have "been described as the most appropriate and perhaps the best resource for information on political situations, in foreign nations." (internal quotation marks and citations omitted)).

Had the Country Report been considered in light of the facts of Yao's case, the conclusion would have been compelled that it is more likely than not that Yao would be persecuted for his practice of FLG if returned to China. *See Zhang*, 388 F.3d at 719 (finding, on the basis of a Country Report nearly identical to the one in Yao's case, that "the country conditions evidence in the record compels a finding that it is more likely than not that [the petitioner] would be arrested, imprisoned, and abused based on his practice of [FLG], and his distribution of [FLG] materials to family and friends in China." (citing *Khup*, 376 F.3d at 905–06)).

To qualify for withholding of removal, Yao was not "require[d] ... to provide evidence that [he] would be singled out individually for such persecution" so long as he established that "there is a pattern or practice of persecution of a group of persons similarly situated to [him] on account of [a protected category]" and that he is included in and "identifi[ed] with such group of persons such that it is more likely than not [his] life or freedom would be threatened upon return to [China]." 8 C.F.R. § 1208.16(b)(2)(i)–(ii). Yao has made this showing.

Because the record considered as a whole demonstrates that it *was* more likely than not that Yao would be subject to persecution if returned to China, the IJ's determination to the contrary was not supported by substantial evidence. *See Khup*, 376 F.3d at 902. Yao is entitled to withholding of removal and we remand to the BIA for the grant of his petition.

*Convention Against Torture*

"[I]n order to present a prima facie case for relief under [CAT], the burden of proof is on the petitioner 'to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)).

In assessing whether it is "more likely than not" that Yao would be tortured if returned to China, we consider "all evidence relevant to the possibility of future torture ... including, but not limited to ... (iii)[e]vidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv)[o]ther relevant information regarding

conditions in the country of removal." 8 C.F.R. § 208.16(c)(3). *See also Kamalthas,* 251 F.3d at 1284 (same).

While the evidence establishes that it is more likely than not that Yao would be persecuted on account of his FLG practice if returned to China, it does not show that it is more likely than not that he would be tortured. *See Zhang,* 388 F.3d at 721–722 (concluding, under similar facts, that substantial evidence supported the IJ's conclusion that FLG practitioner had not established that it was more likely than not that he would be tortured if returned to China). *See also Zhou,* 437 F.3d at 871.

Accordingly, the IJ's determination that Yao is not eligible for relief under CAT is supported by substantial evidence. Yao's petition for review is denied as to this claim.

### CONCLUSION

Because Yao is entitled to withholding of removal, we GRANT his petition for review and REMAND to the BIA for the grant of his petition for withholding of removal. Yao's petition for review related to CAT protection is DENIED.

---

* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.